12 F.3d 1106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gregory M. GAVIN; Shawna Gavin, husband and wife,
Plaintiffs-Appellants,
v.
BUSCH AGRICULTURAL RESOURCES, INC., a corporation;
Consolidated Farms, Inc., dba Elk Mountain Farms,
a corporation; John Does I through XXV,
Defendants-Appellees.
 No. 92-35333.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1993.*
Decided Nov. 16, 1993.
 
 Before: TANG, FARRIS, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The Gavins appeal, arguing that Tucker farms was engaged in a joint venture with Tim and Ellen Tucker individually and d/b/a T & E Enterprises/Kootenai Valley Ranch, the persons whose employees manufactured the eyebolt. We have jurisdiction of the timely appeal pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 I. Joint Venture Law in Idaho
 
 3
 The question is whether Tucker Farms and T & E Enterprises were engaged in a joint venture. Idaho law governs. See Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938). The leading case in Idaho on the law of joint ventures is Rhodes v. Sunshine Mining Co., 742 P.2d 417 (Idaho 1987).
 
 
 4
 Rhodes sets forth five indispensable factors that must be met in order for a joint venture to exist in the state of Idaho:
 
 
 5
 (1) a contribution by the parties of money, property, effort, knowledge, skill, or other assets to a common undertaking;
 
 
 6
 (2) a joint property interest in the subject matter of the venture and a right of mutual control or management of the enterprise;
 
 
 7
 (3) expectation of profits, or the presence of a venture;
 
 
 8
 (4) a right to participate in the profits; and
 
 
 9
 (5) a limitation of the objective to a single undertaking or ad hoc enterprise.
 
 
 10
 Id. at 420-21 (citation omitted). All five elements must be established in order for a joint venture to be present. Id. at 422.
 
 II. The Gavins' Appeal
 
 11
 The Gavins argue that the relationship between T & E Enterprises and Tucker Farms was not lessee to lessor but co-venturor to co-venturor. The Gavins argue that the lease was not observed according to its literal terms. They claim that there was an unwritten agreement between Tucker Farms and the Tuckers providing for profit sharing among the parties. The basis for this claim is the following colloquy between Tim Tucker and the Gavins:
 
 
 12
 Q. (BY MR. APPEL) In looking at the returns, very briefly, from '87 and '99, it looks like all the profits that you and your wife made for running your business at Porthill, the K-V Ranch, were filed under your own individual names; is that true?
 
 
 13
 A. That's true.
 
 
 14
 Q. So whatever monies you realized from your farming operations in Porthill, after you got your net profit, then you would make your payment that you had due and owing to Tucker Farms, Inc., and the rest would be your net net profits, true?
 
 
 15
 A. Uh-huh. Yes, that's true.
 
 
 16
 Tucker's admission does not support the Gavins' allegations. Tucker admitted that in 1987 and 1988 he paid the sums due to Tucker Farms under the lease after he had calculated his net profit. He did not admit that the amount due was influenced by the net profits calculated for that year. That Tucker paid Tucker Farms a fixed percentage of the crops grown during each year remains uncontroverted. The Gavins' allegations do not establish that Tucker Farms contributed anything to the putative joint venture.
 
 
 17
 Under Idaho law, all five elements must be met in order to establish the existence of a joint venture. The Gavins are unable to raise any genuine issues of material fact as to whether there was mutual control of the property or whether the operation on the property was limited to a single undertaking.
 
 
 18
 The Gavins' claim that there was mutual control of the property is unfounded. A right of inspection is standard in leases. No case has held that a right of inspection constituted evidence of mutual control. In addition, the Gavins' claim that it is undisputed that "the objective of the [alleged] joint venture was a single undertaking--farm operations in Idaho" finds no support in the record. The eyebolt produced on the Kootenai Valley Ranch is not an agricultural product.
 
 
 19
 There are no genuine issues of material fact. As a matter of law, there was no joint venture between Tucker Farms and T & E Enterprises.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3